## Educators Mutual Insurance Co. v. Serosky

*Herman J. Goldberg* and *W. B. Arnold*, for plaintiff.
*Leroy Long*, for defendant.

VALENTINE, P. J., June 28, 1950.—This is a bill in equity for the cancellation of a hospitalization and surgical benefit insurance policy issued to defendant.

The bill is supported by affidavit of John C. Lingle, secretary of plaintiff corporation, which affidavit was taken before Doris L. Hyde, notary public.

The bill was duly filed and served upon defendant. Defendant seeks to have the service set aside, and bill dismissed, upon the contention that Equity Rule 9 has been violated. This rule provides:

"All pleadings and amendments thereto, and all petitions not founded on matters of record only, must be sworn to before some person other than a party or attorney interested in the cause."

Doris L. Hyde, the notary public, who took the supporting affidavit, is employed in the office of William B. Arnold, an attorney residing in Lancaster, Pa., who is one of the attorneys for plaintiff company in this case.

We can discover no violation of Equity Rule 9. The notary public was not interested in the case, either as a party or attorney. A person duly commissioned as a notary public, who is employed as a stenographer or clerk by an attorney, is not disqualified from taking oaths in matters in which her employer is interested as counsel. In taking the affidavit and affixing the seal of her office, the notary public acted in an official capacity. The rule that an attorney is disqualified from taking affidavits relating to matters in which he is interested as counsel, does not extend to a partner of an attorney of record, although he is interested in the profits of the business, or to one who is of counsel, but not the attorney of record, or to an attorney at law who is a clerk in the office of the affiant's attorney: 1 Am. Jur., sec. 11, p. 941.

We find no merit in the motion.

The rule of March 15, 1950, is discharged, and defendant is directed to answer within 30 days.